Pearce *v.* Roller.

SAMUEL PEARCE, Ex'r, etc. *v.* SAMUEL P. ROLLER *et al.*

ARBITRATION. *Statute of limitations.* It is the duty of arbitrators author-
ized to settle disputes on principles of equity and justice, to accept
from an administrator pleas of two and three years in favor of per-
sonal representatives, and for their failure to do so, the award will be
set aside.

FROM SULLIVAN.

Appeal from the Chancery Court at Blountville.
H. C. SMITH, Ch.

C. R. VANCE and H. H. INGERSOLL for complainant.

W. V. DEADERICK for defendant.

DEADERICK, C. J., delivered the opinion of the court

The parties, by bond, submitted certain matters of
controversy between them, to arbitrators chosen by
them, whose .award was to be made the judgment of
the circuit court of Sullivan county. In due time an
award was made, awarding certain sums to and against
the estate of John Roller, deceased, the said Samuel
Pearce being his executor. Before award was made,
Pearce, as executor of John Roller, tendered a written
plea of the statutes of limitations to the arbitrators,

as executor, of two-and-a-half, six and seven years, and asked that the estate of John Roller should have the benefit thereof. The award was made, showing upon its face that the arbitrators disregarded said plea, and we can see that they allowed claims against said estate, which seem to be barred by the statute °of two-and-a-half years, in favor of executors and administrators.

The submission bond requires that the award be made upon the principles of equity and justice. The executor is bound to make this defense, upon peril of being himself held responsible to the distributees for his failure to plead it. Certainly he should be allowed a defense, which he proposes to make, by which alone he can protect himself from personal liability for the debt of the estate. It cannot be said to be equitable and just, that he shall be denied the privilege of putting in this plea, which the law makes it his duty to plead, and then compelled to pay the debt of the estate.

We are of opinion, therefore, notwithstanding the favor with which awards are regarded by the law, that the arbitrators, although intending to decide the case in respect to said executor in accordance with equity and justice, have committed a mistake in ignorance of the legal and equitable rights of said executor. And for this reason the award as to Pearce as executor must be set aside.

But it does not follow necessarily that the award must be set aside *in toto*. On the contrary, where the part set aside is separable from, and has no connection with the other parts of the award, it may be

valid in part only.   And such is ·the case in respect to this award.   It settles matters of account between the executor and the other parties, and between the other parties, in which their rights as against each other are decided.

And as to the parties to the bond other than Pearce in his character of executor, we see no objection to an affirmance of the award.   It decides, 1st, that Martin Roller recover of Samuel Pearce the sum of $45.51;   2d, and that Samuel P. Roller recover of Samuel Pearce the sum of $34.97.   And these sums will severally bear interest from the 22d of November, 1877.

A decree will accordingly be entered here in favor of Martin Roller against Samuel Pearce for $45.51 and interest from the 22d of November, 1877; and also in favor of Samuel P. Roller against said· Samuel Pearce for $34.97 and interest from the 22d of November, 1877.   And the costs of this court will be paid by the defendant Pearce, and the costs of the circuit court as adjudged by said court.